359 So.2d 129 (1978)
STATE of Louisiana
v.
Roland RANKER.
No. 61199.
Supreme Court of Louisiana.
May 22, 1978.
*130 Frank G. DeSalvo, Maurice T. Hattier, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Joseph E. Roberts, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Roland Ranker was charged by bill of information with armed robbery in violation of R.S. 14:64. Following a trial by jury defendant was found guilty and given a sentence of ninety-nine years at hard labor in the custody of the Department of Corrections. On appeal defendant raises only three assignments of error.
Because we find merit in assignment of error number one we find it unnecessary to discuss the second and third assignments.

ASSIGNMENT OF ERROR NUMBER 1 DEFENDANT'S BEING BANISHED FROM THE COURTROOM THROUGHOUT THE TRIAL[1]
The Confrontation Clause of the sixth amendment of the United States Constitution provides that in all criminal prosecutions the accused shall enjoy the right to be confronted with the witnesses against him. The fourteenth amendment makes the guarantee of this clause obligatory upon the states. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). Perhaps the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial. Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892). In the context of this case this fundamental right would have permitted the defendant to face and observe the state's witnesses who came forth and testified about earlier line-up identifications and identified the defendant at trial as the armed robber.
The right of confrontation is not absolute, however, as the Supreme Court of the United States stated in Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). Therein, in its review of a Seventh Circuit Court of Appeals decision which had in effect held that there was an absolute right of the defendant to be present at all stages of the proceedings, 413 F.2d 232 (1969), the United States Supreme Court held that "a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom."[2]
It was in reliance upon this expression of the United States Supreme Court that the trial judge in this case had defendant removed from the courtroom during voir dire of the jury and kept out of the courtroom during the entire trial except for two brief returns for the purpose of identification by witnesses.
The question posed here is whether or not defendant's conduct was so disorderly, disruptive *131 and disrespectful of the court that the trial could not be carried on with him in the courtroom. The record indicates, and the trial judge in his per curiam to this assignment acknowledges, that the first six pages of the transcript reflect the disruptive conduct of defendant upon which the trial judge relied. We thus incorporate by way of the attached appendix to this opinion those six pages.
In our assessment the record in this case does not portray Roland Ranker as a disruptive, contumacious, or stubbornly defiant defendant. On the contrary it appears that Ranker attempted to voice his dissatisfaction with his appointed attorney in a non-disruptive and almost polite, although insistent manner. We do not question the right of the trial judge to conduct the proceedings before him so as to maintain dignity, order and decorum, the hallmarks of all court proceedings in out country. See, Illinois v. Allen, supra. We simply cannot find on the basis of this record that defendant speaking out as he did and relating the substance of his complaint, that his lawyer would not communicate with him, was the type of disorderly, disruptive or disrespectful conduct which was of such dimension as to warrant the denial of defendant's constitutional right to be present in the courtroom at every stage of his trial. For these reasons we find merit in defendant's assignment of error number one.

Decree
For the foregoing reasons defendant's conviction and sentence are hereby reversed and the case remanded to the trial court for retrial.
REVERSED AND REMANDED.
SANDERS, C. J., dissents.

APPENDIX
 (During the time that the
 Sheriff was calling prospective
 jurors the following transpired.)
BY THE COURT:
One minute, Mr. Sheriff, let the defendant be seated at the bar. You can talk to your lawyer while you are seated just as well. Now, Ranker, listen to what I am going to tell you. This trial is going to proceed today in an orderly fashion and it's going to proceed with or without your cooperation. I have a duty under my oath of office to conduct this trial fairly, with dignity and decorum, and to see that your rights are protected to the fullest extent of the law. Do you understand that?
BY THE DEFENDANT:
Yes, sir.
BY THE COURT:
I'm going to be a very indulgent man, but I am not going to tolerate any deviation from the law or from the rules of dignity and propriety. And I will not have it in this court. If you persist in disobeying such as my order to take a seat I will have means to deal with you. I don't want to do that unless you force me to do that. Do you understand?
BY THE DEFENDANT:
Yes.
BY THE COURT:
Okay, take a seat.
BY THE DEFENDANT:
Your Honor,
BY THE COURT:
I do not want to hear from you because I don't listen to defendants except through their lawyers. During the course of the trial at the proper time if you want to take that witness stand and testify under oath then I will certainly listen to you and the jury will too. Proceed, Mr. Labich.
 (Thereupon the Sheriff called
 more prospective jurors and
 the following transpired.)
BY THE DEFENDANT:
Your Honor, my judge [lawyer] don't want to speak for me.
*132 BY THE COURT:
You have to be quiet. If you say one more word I will have to exclude you from the courtroom and then proceed with your trial without you. That would not be to your interest, but I will have to do that in order to proceed according to the rules.
BY THE DEFENDANT:
Your Honor, my lawyer don't want
BY THE COURT:
Take the defendant out of the courtroom. Let me tell you before you leave when you at any time you tell the Sheriff one minute, let me talk to him, Mr. Sheriff. Any time you tell the Sheriff that you are ready to sit down, communicate with your lawyer, but obey the rules of the law in this court then I will bring you back into the courtroom. As a matter of fact I will even extend it now if you are willing now to sit down and proceed with this trial in an orderly fashion you won't be removed. Are you willing to do that?
BY THE DEFENDANT:
When my lawyer speaks to me I will have to see.
BY THE COURT:
You can talk to your lawyer.
BY THE DEFENDANT:
I talks to my lawyer, but my lawyer understand don't wants to talk to me. I am speaking to him to try to get him to talk to me.
BY THE COURT:
I see you and your lawyer conversing back and forward. He is your lawyer.
BY THE DEFENDANT:
But he don't want to say nothing for me. I talk to him and he tells me to be quiet.
BY THE COURT:
Mr. Hattier, you can talk with your client, you understand that.
BY MR. HATTIER:
I am trying to keep track of the jurors when they take their seats to select the jury. I can not do 2 things at once.
BY THE COURT:
Take a seat. I will give you one more chance. If you persist in talking except through your lawyer then you are going to be removed from the courtroom in accordance with the law. The Supreme Court has backed me and other judges up on that. And the reason for that is that we live under a system of the law and we must proceed according to the rules instead of the laws of the jungle. Sit down, one more try.
BY THE DEFENDANT:
Have my lawyer, understand
BY THE COURT:
Take the defendant out, Mr. Sheriff, I have had enough. When you keep quiet you let us know and you can come back in. Proceed please.
 (Thereupon the defendant was
 removed from the courtroom
 and the following transpired.)
BY MR. HATTIER:
Your Honor, I am going to have to ask for a mistrial under the conditions of my not being able to work with my client with the way I believe it's created an impression on the jurors and at this time we do request a mistrial.
BY THE COURT:
I have given this matter consideration. Your Motion for a Mistrial is denied because, as the jury well observed, his conduct was such as to make it necessary for the Court to exclude his presence so that the trial could proceed in an orderly manner. I will, however, caution the jurors that they are in no sense whatsoever to permit what you witnessed in the courtroom to affect in any manner the question of the guilt or innocence of the defendant. He is nonetheless entitled to a fair trial based on the evidence and the law in the case as you will hear when the case gets under way. The action of the Court was made necessary and is sanctioned by no less an authority than the *133 Supreme Court of the United States. For the reason that if it were otherwise we would have chaos and bedlam rather than the orderly processes of the law. The point is do not let what you observed in any way influence your judgment on the question of guilt or innocence. Do you all understand that? Is there any juror in this room who does not understand that? Alright, proceed.
BY MR. HATTIER:
Reserve a Bill.
NOTES
[1] The precise assignment of error raised by defendant is: "The Court erred when it did not grant defendant's request for a mistrial when the Court barred the defendant from the Courtroom during the selection of the jury."
[2] 397 U.S. at 343. In Allen the defendant argued with the judge in an abusive and disrespectful manner, continued talking after the judge ordered defense counsel to take over voir dire examination, and told the judge "when I go out for lunchtime you're going to be a corpse here." At that point defendant tore up the file which his attorney had and threw the papers on the floor. Thereupon, the trial judge warned defendant that with another outbreak of that sort he would be removed from the courtroom. The warning having no effect upon him he continued to talk back to the judge, telling him that there's not going to be a trial: "I'm going to sit here and your're going to talk and you can bring your shackles out and straight jacket and put them on me and tape my mouth, but it will do no good because there's not going to be no trial." Allen was then removed from the courtroom. After a noon recess he was permitted back in court during his trial whereupon he reiterated again that there was going to be no trial. He related he was going to start talking and keep talking all through the trial, thereupon the judge again ordered him removed from the courtroom.