PER CURIAM.
Defendant Roland Ranker was charged in 1975 by bill of information with armed robbery in violation of R.S. 14:64. After trial by jury on October 21, 1975, he was found guilty as charged. The trial court thereafter sentenced him as a fourth felony offender, R.S. 15:529.1, to ninety-nine years’ imprisonment at hard labor. We reversed that conviction, State v. Ranker, 343 So.2d 189 (La.1977). Following remand of the case, the state secured a second conviction, June 27, 1977. We reversed again, State v. Ranker, 359 So.2d 129 (La.1978). A third trial, September 19, 1978, had led to defendant’s present conviction, and his resentenc-ing as a fourth felony offender to ninety-nine years’ imprisonment.
We have reviewed defendant’s assignments of error relating to his conviction and find them without merit. To that extent, we now affirm. However, we agree with defendant that the trial court erred in failing to conduct a new evidentiary hearing into the allegations of the state’s multiple bill. That hearing was requested by counsel, and made pertinent by a timely motion to quash. The trial court relied instead on its prior determination in 1975. In that proceeding, December 22, 1975, the state introduced duly-authenticated copies of bills of information indicating defendant’s pleas of guilty to felony charges in 1970, 1971, and 1972. None of these informations indicates that defendant was represented by counsel at the time he entered his pleas, or that the trial court conducted an appropriate inquiry into the voluntariness of the plea, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). As we set forth in detail in State v. Hoffman, 345 So.2d 1, 4 (La.1977), “[t]he record must affirmatively show that the accused either was accompanied by counsel or that he was informed of his right to counsel and waived that right, and that the plea was knowingly and intelligently entered. See also State v. Guillotte, 297 So.2d 423 (La.1974); State v. Coody, 275 So.2d 773 (La.1973).’’ We reaffirm that “[i]n the absence of such showing, such convictions cannot serve to enhance the penalty under the multiple offender statute.” State v. Hoffman, supra.
As these questions were not placed at issue in the 1975 hearing, and as defendant’s previous sentences were set aside at the time the earlier convictions were reversed, the trial court should have conducted a new hearing into the allegations contained in defendant’s motion to quash the multiple bill prior to resentencing defendant. See, State v. Hill, 340 So.2d 309 (La. 1976). If, at such hearing, the state cannot produce records contemporaneous with each plea indicating representation by counsel (or waiver thereof) and proper Boykinization, the trial court should then grant defendant’s motion and quash the multiple bill. State v. Lewis, 367 So.2d 1155 (La. 1979).
Accordingly, defendant’s conviction is affirmed, but his sentence is set aside, and the case is remanded to the district court for further proceedings consistent herewith.