482 So.2d 146 (1986)
STATE of Louisiana
v.
Frank JOHNSON.
No. KA 3173.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1986.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., and Marie M. Lazarte, Asst. Dist. Atty., New Orleans, for appellee.
Before GARRISON, CIACCIO and WILLIAMS, JJ.
CIACCIO, Judge.
A jury found defendant guilty as charged of simple escape. The court sentenced defendant to serve one year in the parish prison. On appeal defendant relies on three assignments of error.[1] We find that the trial court did commit reversible error. We, therefore, reverse defendant's conviction and sentence, and remand the matter for retrial.
Defendant first complains about being handcuffed and shackled during trial. The manner in which courtroom order and security are maintained is within the trial judge's discretion. State v. Wilkerson, 403 So.2d 652 (La.1981). Restraint of a defendant during trial, however, must be carefully considered in light of any possible prejudicial effect upon the jury.
Defense counsel's objection at trial concerned the handcuffs only, conceding the *147 value of the shackles to thwart any attempt at escape. The court denied the motion to remove the handcuffs based upon a desire to prevent a recurrence of a prior "physical outburst" against the courtroom deputies. The nature of this "physical outburst" is not made clear in the record; neither is it clear how the handcuffs were to serve as prevention. The only outbursts elaborated upon in the record involved verbal abuse and spitting on the deputies. Handcuffs do not prevent that kind of behavior.
Because reversal of defendant's conviction is warranted on other grounds we withhold a ruling on this issue. We note in passing, however, that without an explanation to justify the necessity of the unusual practice of restraining a defendant during a jury trial, this court may find it difficult to determine whether such tactics were within the trial court's discretion.
Defendant next complains that he was sentenced in absentia. La.C.Cr.P. Art. 835 provides:
In felony cases the defendant shall always be present when sentence is pronounced. In misdemeanor cases the defendant shall be present when sentence is pronounced, unless excused by the court. If a sentence is improperly pronounced in the defendant's absence, he shall be resentenced when his presence is secured.
This case involves a misdemeanor simple escape. Unless defendant was "excused by the court," his presence was required when sentence was pronounced. We find that "excused by the court" means that in misdemeanor cases upon defendant's request the court may in its discretion excuse the defendant from the requirement that he be present when sentence is pronounced.
Again we need not directly rule on this issue because the reversal of defendant's conviction will necessitate his resentencing if he is convicted upon retrial. We point out now, however, the requirement that defendant be present during the pronouncement of his sentence unless he requests to be, and is excused by the court.
Defendant's last argument complains of the error committed by the trial court's refusal to let defendant testify. The record is clear that defense counsel advised defendant that it was in his best interest not to testify, but that defendant rejected this advice and wanted to testify. Counsel expressed the circumstances of this situation to the court and asked for permission to approach the bench. Immediately prior to this statement by counsel he had indicated that he intended to call the defendant to the stand and have him testify. Following the bench conference the court asked counsel if they were ready for closing argument, and received an affirmative response. Defendant objected. The court told defendant that he could either be quiet or be gagged or be removed from the courtroom. Defendant indicated that he would rather be removed and specifically stated that he had a right to testify. He stated, "I have a right to take the stand. I want the record to reflect that." The judge had defendant removed from the courtroom.
La.Const. of 1974 Art. 1, Section 16 provides that "an accused is entitled ... to testify in his own behalf." Nothing in the record justifies, nor are we sure that anything could justify, the trial court's refusal to allow defendant to exercise this constitutional right. We, therefore, reverse defendant's conviction and remand this case to the district court for retrial.
REVERSED AND REMANDED.
WILLIAMS, J., concurs and assigns reasons.
WILLIAMS, Judge, concurring.
I respectfully concur.
I agree with the majority position that defendant should have been allowed to testify in his own behalf. I do not believe, therefore, that it is necessary to address the remaining issues at this time.
NOTES
[1] We find it unimportant that defendant formally assigned only one error because all of the errors raised in defendant's brief are discoverable by an inspection of the pleadings and proceedings and without inspection of the evidence. La.C.Cr.P. Art. 920.