ARMSTRONG, Judge.
The defendant, Allison Montana, and his co-defendant Roland Andry were charged with LSA-R.S. 40:966(A)(2) relative to the offense of distribution of heroin. Following a trial by jury, defendant was found guilty as charged. A mistrial was declared as to the co-defendant because the jury was unable to reach a verdict on June 14, 1985. The defendant was sentenced to serve natural life at hard labor without the benefit of probation or suspension of sentence.
The record reflects that on July 3, 1984, Emma McMurray, a confidential informer, and Officer Pat Warner of the New Orleans Police Department narcotics squad were working undercover in the area of North Robertson and Esplanade Streets. Co-defendant Roland Andry approached on a bicycle and offered to sell them heroin. Officer Warner requested “two bags.” The defendant, Allison Montana, then approached the group and gave Officer Warner two “bags” of heroin in exchange for $50.00.
A review of the record reflects that there are no errors patent.
In his first assignment of error the defendant maintains that the trial court erred in allowing him to be tried before the jury while wearing leg shackles. Ordinarily, a defendant before the court should not be shackled or handcuffed or garbed in any manner destructive of the dignity and impartiality of the judicial proceeding. Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); State v. Clark, 340 So.2d 208 (La.1976). However, exceptional circumstances may require, within the discretion of the trial court, the restraint of the prisoner for reasons of court room security or order, or where the prisoner’s past conduct reasonably justifies apprehension that he may attempt to escape. State v. Wilkerson, 403 So.2d 652 (La.1981); State ex rel. Miller v. Henderson, 329 So.2d 707 (La.1976). Although the manner in which courtroom order and security are maintained is within the trial judge’s discretion, restraint of a defendant during trial must be carefully considered in light of any possible prejudicial effect upon the jury. State v. Johnson 482 So.2d 146 (La.App. 4th Cir.1986).
In the instant case the defendant had been declared a security risk due to his pretrial behavior. During trial the judge felt it necessary to question the defendant regarding information received that the defendant “might want to cause a disturbance.” The record does not indicate that the defendant was ever made to enter or exit the courtroom wearing leg restraints while the jury was present. There is likewise no indication that the jurors were aware that the defendant was under re *350 straint. Therefore no showing of prejudice or abuse of discretion has been made. State v. Washington, 430 So.2d 641 (La.1983).
In his second assignment of error, the defendant argues that the trial court erred in denying his motion to sever. The record reflects that no pretrial motions to sever were filed on behalf of either defendant. Counsel for the defendant moved for a severance during the testimony of Officer Frank Weicks in which the officer stated that the police had “an idea that Mr. Montana would be in that area” when they began the undercover operation. The defense counsel, although no specifics were given, argued that “... it’s clear at this point there’s going to be quite a bit of fingerpointing by the defendants and antagonistic defenses.” The motion for severance was denied. Later in the trial, a second motion for severance was made when the co-defendant testified as to his contacts with the defendant on the date of the offense. This motion was likewise denied.
As a basic statutory proposition, jointly indicted defendants shall be tried jointly unless the State elects to try them separately or the court, on motion of the defendant, and after contradictory hearing with the district attorney, is satisfied that justice requires a severance. La.C.Cr.P. art. 704. A mere allegation by a defendant that he will attempt to cast blame on a co-defendant will not suffice. The judge must be satisfied by convincing evidence that justice requires the severance. State v. Bradford, 367 So.2d 745 (La.1978). Even where antagonistic defenses are shown, a reversal for failure to sever is not always mandated unless prejudice can be shown. State v. McGraw, 366 So.2d 1278 (La.1978). After trial has been concluded, an abuse of discretion will not be found unless it can be shown that the defendant would probably not have been convicted had he been allowed a separate trial. State v. McGraw, supra.
In the instant case, the evidence presented at trial amply supports the defendant’s conviction even apart from the testimony of his co-defendant. The co-defendant’s testimony in no way suggested a severance. He consistently maintained that although he had seen Mr. Montana speaking to Officer Warner, he heard no conversation between the buyers and the defendant, saw no drug transaction, and saw no money exchanged. All of the co-defendants’s testimony supported not only his own innocence but also that of the defendant. There is no evidence of antagonistic defenses on the part of either defendant, nor has the defendant demonstrated prejudice suffered by him as a result of the court’s failure to sever. The defendant further argues that the standard set down in McGraw, supra, is too harsh and does not take into account that had it not been for the testimony of his co-defendant, the jury may have returned a lesser verdict. Based upon the reasons stated above, we disagree with that argument.
In his third assignment of error, the defendant argues that the trial court erred in not granting a mistrial when a police officer testified that at the time of the arrest the officers felt that the co-defendant had been acting as a runner or go-between who would set up the heroin deals, whereas they felt “... that Mr. Montana was the main heroin dealer in this particular case.” The defendant asserts that the officer’s comment was an intentional reference to prior criminal activity on the part of the defendant. The record in the case does not support this conclusion.
C.Cr.P. art. 770(2) provides:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
$ * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;

*351 It has been held that a police officer is not an officer of the court and absent a showing of a pattern of unresponsive answers or improper intent by the police officer or prosecution, an unsolicited, unresponsive reference to another crime by the defendant does not fall within the purview of C.Cr.P. art. 770. State v. Harris, 383 So.2d 1 (La.1980). In this case, however, the officer’s statement did not refer to other crimes committed by the defendant, but rather it referred to the officers’ suspicions that the defendant was the main drug dealer in this particular case. This assignment of error is without merit.
In his fourth assignment of error, the defendant claims that the trial judge erred in denying the defense counsel an opportunity to voir dire on the non-availability of parole under R.S. 40:966(B)(1) and R.S. 15:574.4(B), in denying the right to argue such a penalty to the jury, and in denying a special jury charge relative to this issue.
R.S. 40:966(B)(1) provides that the sentence for distribution of heroin shall be life imprisonment at hard labor without benefit of probation or suspension of sentence. No mention is made of the availability of parole. R.S. 15:574.4(B) provides in pertinent part that no prisoner serving a life sentence shall be eligible for parole consideration until his life sentence has been commuted to a fixed term of years. The defendant argues that the practical effect of the two statutes is to eliminate the possibility of parole unless the life sentence has been commuted, thus making denial of parole part of the mandatory sentence for a conviction relative to distribution of heroin. He further argues that had the trial jury in the case at bar been instructed that parole was not open to the defendant, the jury might have returned a different verdict.
When the penalty imposed by statute is a mandatory one, such as the life penalty in the instant case, the trial judge must inform the jury of the penalty upon the request of the defendant, and must permit the defense to argue the penalty to the jury. State v. Washington, 367 So.2d 4 (La.1978); State v. Rankin, 454 So.2d 880 (La.App. 4th Cir.1984).
In the instant case voir dire was permitted as to the mandatory life sentence and a jury charge was allowed to that effect, however, the trial judge refused to charge the jury or allow voir dire and argument relative to the availability of parole only upon commutation of sentence.
As noted above, R.S. 40:966(B)(1) contains no mention of parole. R.S. 15:574.-4(B) is not a mandatory provision in that its application in a particular case is dependent upon the discretionary act of commutation on the part of the Governor. Parole then may be available to a person convicted under R.S. 40:966(B)(1), and thus does not constitute part of the mandatory sentencing provisions required to be read to the jury as set forth in Washington, supra and its progeny.
We further note that nowhere in the entire sentencing scheme does the Code provide that the sentencing jury may consider the offender’s future potential for release should a life sentence be imposed. State v. Lindsey, 404 So.2d 466 (La.1981). The Lindsey court, although dealing with a capital case, pointed out that the interjection of factors such as parole or commutation of sentence diverts jurors from their primary responsibility and charges them with making decisions not properly within their duty as jurors.
Thus, we hold that the trial court was correct in refusing to instruct the jury on the non-availability of parole and in likewise refusing to allow voir dire and argument on this point.
For the reasons stated above the conviction and sentence of Allison Montana are affirmed.