BARRY, Judge.
We granted certiorari to consider the defendant’s claim for post conviction relief relating to his removal from the courtroom toward the end of trial and his absence at sentencing.[1]
*845 Desmond Lewis was tried with co-defendant Prank Johnson on the charge of simple escape, La.R.S. 14:110, a misdemeanor at the time.[2] He was convicted and sentenced (in absentia) to one year in Orleans Parish Prison, the sentence to run consecutively to other sentences. Additionally the court had held both men in contempt and sentenced each (in absentia) to serve six months in O.P.P., the sentences to run consecutively. Lewis’ application for post conviction relief on these claims was denied by the trial court.
Both Lewis and Johnson were brought to trial handcuffed and shackled. Lewis’ counsel orally moved that the handcuffs be removed since the shackles would be adequate to prevent flight, but conceded “that during the court’s dealing with Mr. Lewis, he has at times been rather beligerant [sic].” Denying the request, the court stated the shackles were “not adequate to prevent the physical outburst that has been perpetrated upon these deputies that sit before this court, as occurred in a prior occasion.”
The State presented its case and rested. Evidently at that point both defendants wanted to testify, although they had been advised by counsel not to take the stand. As Lewis’ counsel began his closing argument the transcript records the following:
BY THE COURT: Let the record reflect that at this point Mr. Frank Johnson and Mr. Desmond Lewis are with their attorneys. Mr. Lewis is quiet. Mr. Johnson is beginning to talk out. Mr. Johnson, you may confer with you attorney but do so quietly. Mr. Williams is attempting to give his closing argument on behalf of your co-defendant, Mr. Lewis. You may continue, Mr. Williams. I apologize for the inconvenience and the interruption.
MR. FRANK JOHNSON: I object.
BY THE COURT: Ladies and gentlemen, you are to attach no significance to this gentleman standing and now speaking out in the courtroom. Your choices are two. You can sit down and be quiet or you can continue to talk and be gagged and/or ultimately removed from this courtroom, and not participate at all in the completion of this trial.
MR. FRANK JOHNSON: I’d rather be removed from this courtroom and not participate.
BY THE COURT: Remove him. Remove both of them.
MR. FRANK JOHNSON: I have a right to take the stand. I want the record to reflect that.
BY THE COURT: Be quiet. Be quite [sic],
MR. FRANK JOHNSON: I have a right to take the witness stand.
BY THE COURT: Gag him right now. Quiet.
MR. FRANK JOHNSON; I’m being denied my rights.
BY THE COURT: Gag him. Gag him. Gag him. Gag them both. Get them out of here. Get them both out. You may continue your argument, if you wish to do so. Get them out of this courtroom and out of this facility.
Closing arguments were completed and the court found both men in contempt and the following transpired:
BY THE COURT: Let the record reflect that the Jury has left the courtroom. The court holds each of the defendants in contempt of court. If there’s anything you wish to put on the record in mitigation on behalf of either defendant, let that be done. Let the record further reflect that this court has now reached the point where it stands ready to take the ultimate drastic action. Neither of these defendants will ever step foot in this courtroom again as long as I am the Judge, with one exception. If they are brought to trial on the armed robbery case, they will be permitted to be brought in, if there is to be an identification of them. Oth *846 er than that, they have waived all right, by virtue of conduct that I have never been confronted with before, to ever appear in this courtroom again in any fashion. They have waived all right to be present for any future sentencing that may have to occur. They have waived all right at this time— they have forfeited is a better word, they have forfeited all right to ever appear in this courtroom again. The conduct of these defendants today was intolerable. The obscenities that were shouted, the physical abuse that was perpetrated upon a number of deputies whose lives were placed in serious jeopardy, speaks for itself. Is there anything in mitigation on behalf of Mr. Desmond Lewis, Mr. Williams?
MR. WILLIAMS: Yes, Your Honor. From my observation Mr. Lewis, at least while he was in the courtroom, gave no outbursts. In fact, Your Hon- or, Mr. Lewis was saying nothing and Mr. Johnson insisted on being heard.
BY THE COURT: At that point I stand corrected.
MR. WILLIAMS: As they were going to the rear, I don’t know what happened.
BY THE COURT: As he approached this side of my bench, however, he engaged in the scuffle as well....
The two defendants were not allowed back in the courtroom and at sentencing (with both counsel present) the court stated the reasons for the defendants’ absence:
Let the record further reflect for the reasons previously stated by the court, the court’s ruling continues to be that because of the continued violent outbursts of both of these defendants on at least the last three occasions in this courtroom, the outbursts of these defendants, including physical abuse, in attempts of physical abuse on the sheriffs assigned to this courtroom to literally spitting in the face of the sheriffs, the literally obscenties [sic] of the lowest form in the present [sic] of jury, judge, attorneys, and every other private citizen and otherwise in this courtroom, that it is the order of this court that both of these defendants have forfeited any right whatsoever to ever be present in this courtroom again, unless it be for trial and unless at that point during the course of the trial they need to be identified or for any other reason brought into the courtroom, or that they need to be called as witnesses, having their attorneys have them brought into the courtroom at that point, or the District Attorney having the person or persons brought in at that point.
Is there anything that you wish to offer in mitigation at this time or to say on behalf of Mr. Desmond Lewis prior to the imposition of sentence, Mr. Williams?
MR. WILLIAMS: Yes, Your Honor, I’d like to note an objection to sentencing Mr. Lewis in absentia and I would also point out that the last outburst that occurred in this court was not the outburst by Mr. Lewis. In fact, Mr. Lewis stood mute and Mr. Johnson was taken back and the sheriffs decided to remove both of them. While he didn’t say anything, he was removed from the courtroom.
THE COURT: I agree with you on that. He did not say anything until he stood up and said, “I want to be removed from the courtroom, too,” and I have no problems with him saying that, per se, in terms that I don’t find that contemptuous or anything. However, I disagree in the sense that while he did not initiate the last confrontation, he later engaged himself in that confrontation immediately on the side of this bench and he, too, became boistrous [sic] with the obscenties [sic] and the battle with the sheriffs I was standing no less than seven or eight feet, because I was literally standing myself at that point, not knowing what I would have to do defensive [sic] as well as the jury that was no more than twelve feet removed from me and these people being no more than six feet on the other side of me to my right. His prior conduct when he was initiating and engaging in the same *847 type of activity causes me to reach the same conclusion as to him. You are correct, however, in your statement that initially, as of this last confrontation, he was not the first individual to become obstreperous recalcitrant; it was in fact Mr. Johnson. Your objection, however, is noted for the record as to my ruling that this defendant is to be sentenced in absentia.
A defendant has a constitutional right to confront the witnesses against him and to be present in the courtroom at every stage of the trial. U.S. Const.Amend. VI; La. Const. Art. I, § 16; La.C.Cr.P. Art. 833 [3]; State v. Ranker, 359 So.2d 129 (La. 1978). The right to be present is not absolute.
[A] defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom. Once lost, the right to be present can, of course, be reclaimed as soon as the defendant is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings.
(footnote omitted). Illinois v. Allen, 397 U.S. 337, 343, 90 S.Ct. 1057, 1060-61, 25 L.Ed.2d 353 (1970).
A trial court is empowered to take adequate measures against a defendant’s disruptions and obstreperous behavior so that the proceedings will be “conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done.” La.C. Cr.P. Art. 17. However, appellate courts consider most seriously a defendant’s right to a trial free from the prejudice of being physically restrained. His presence and ability to confer with his attorney are most important considerations. See State v. Brewer, 301 So.2d 630 (La.1974).
The exchange between the court and Lewis’ defense counsel at the very beginning of trial puts of record some of the trial court's reasons for physical restraints. Even defense counsel did not ask that the shackles be removed and conceded that the court had experienced prior serious problems with his client.
During the State’s case Lewis was present and able to confer with his attorney. It was during closing argument that the outburst by Johnson occurred. The court warned Johnson who answered that he would “rather be removed_” Although the judge stated that Lewis stood up and stated that he wanted “to be removed from the courtroom, too ...” the record clearly shows that Lewis was quiet until the court decided that both defendants should be gagged and taken from the courtroom. The judge notes that Lewis then “engaged himself in that confrontation immediately on the side of this bench and he, too, became boistrous [sic] with the obscenties [sic] and the battle with the sheriffs.” Prior to the outburst all the witnesses had testified and the State had rested.
Lewis was only out of the courtroom for the remainder of the closing argument. Although this court does not favor physically restraining and removing defendants at any point during a trial, especially a jury trial, we cannot say that the trial court abused its great discretion under these circumstances.
However, we find the trial court erred by declaring that Lewis would never be allowed back in the courtroom except for identification during trial on an armed robbery charge, not even for sentencing. In Illinois v. Allen, supra, the defendant, *848 who had been repeatedly warned, was removed from the courtroom, but allowed to return when he agreed to conduct himself properly. Here Lewis, who had not initiated the last incident, was not given an opportunity to return to the courtroom for sentencing.
In State v. Johnson, 482 So.2d 146, 147 (La.App. 4th Cir.1986), (reversing the conviction of co-defendant Johnson because he was denied his right to testify), this court noted La.C.Cr.P. Art. 835’s “requirement that defendant be present during the pronouncement of his sentence unless he requests to be, and is excused by court.” The court abused its discretion in pronouncing in advance that Lewis could not be present at his sentencing when his behavior was not the conduct which disrupted the trial proceedings.
La.C.Cr.P. Art. 835 declares: “If a sentence is improperly pronounced in the defendant’s absence, he shall be resentenced when his presence is secured.”
The sentence is vacated and the matter is remanded for resentencing with Lewis present under conditions to be set by the trial judge.
SENTENCE VACATED; REMANDED FOR RESENTENCING.

. We note the defendant also claims that his sentence for contempt of court for non-appear *845 ance at pre-trial proceedings constitutes double jeopardy. That claim has no merit.

. In 1982 La.R.S. 14:110 provided that one guilty of simple escape "shall be imprisoned for not more than one year — "

. La.C.Cr.P. Art. 833 provides:
The court may permit a defendant charged with a misdemeanor to be arraigned, plead guilty, or be tried, in his absence, if he is represented by counsel who consents to proceed. Otherwise he must be present.
A plea of not guilty of a misdemeanor may always be entered through counsel and in the absence of the defendant.