COURT OF APPEALS OF VIRGINIA


Present:  Judge Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia


DAVID D. MATTHEWS, JR.
                                        OPINION BY
v.    Record No. 0408-98-4      JUDGE JERE M. H. WILLIS, JR.
                                         AUGUST 3, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                 William Shore Robertson, Judge

         Elwood Earl Sanders, Jr., Appellate Defender
         (Public Defender Commission, on briefs), for
         appellant.

         Robert H. Anderson, III, Assistant Attorney
         General (Mark L. Earley, Attorney General, on
         brief), for appellee.


     On appeal from his conviction for capital murder, in

violation of Code § 18.2-31, and abduction with the intent to

defile, in violation of Code § 18.2-48, David D. Matthews, Jr.,

contends that the trial court erred by admitting evidence

obtained by the police in violation of his Fourth Amendment

rights.  We affirm the judgment of the trial court.

     On the afternoon of September 25, 1995, Matthews arrived at

the home of Shirley Ashbury, a distant relative, and requested

permission to hunt on her family's land.  While at her home, he

offered to take her twelve-year-old daughter, Aleasha,

"four-wheeling" in his truck.  Aleasha left with Matthews.  That

evening, Ashbury saw Matthews drive away from the property at a

high speed and realized that Aleasha had not come home. She reported Aleasha missing.

That same evening, a volunteer fireman responded to a single vehicle accident involving Matthews' truck, which had flipped over an embankment. Fire and rescue squad personnel transported Matthews to the Fauquier hospital, where he was treated by doctors in the emergency ward. The doctors initially planned to admit him to the hospital overnight for observation, but decided instead to transfer him to the University of Virginia Hospital. At Fauquier Hospital, Matthews was placed in a treatment room within the emergency ward so that intravenous fluids could be administered. Police investigating Aleasha's disappearance came into the room, read Matthews his Miranda rights, and questioned him. With his consent, they seized his clothing and personal effects and took PERK samples.

Aleasha's body was recovered the next morning.

A jury convicted Matthews of capital murder, in violation of Code § 18.2-31, and of abduction with intent to defile, in violation of Code § 18.2-48. He was sentenced to life imprisonment.

Matthews contends that the police violated his Fourth Amendment rights when they entered the emergency ward treatment room. He argues that because the police entry into the room was illegal, all evidence subsequently seized from the room was illegally obtained and should have been suppressed. To

determine the legality of the entry, we consider whether Matthews had an expectation of privacy in the emergency ward treatment room.[1]

The treatment room was described as having four walls and a door, which was open. It contained a bed, on which Matthews was lying. Members of Matthews' family were in the room with him. Emergency ward personnel entered and left the room to administer treatment. The room was not dedicated to long-term care of admitted patients. It was a part of the emergency ward and was used for the provision of emergency ward treatment.

Matthews contends that he had the same expectation of privacy in the treatment room that he would have enjoyed in a private room in the hospital. Relying on Morris v. Commonwealth, 208 Va. 331, 157 S.E.2d 191 (1967), he argues that the police could not enter his room lawfully without a warrant. See id. at 333-34, 157 S.E.2d at 193-94. In Morris, police seized clothing from a private hospital room, paid for by Morris, while he was under sedation and without his consent. The Supreme Court held that the seizure was illegal, because a private hospital room that "has been assigned to and paid for by the defendant" is analogous to a hotel room, which "may not lawfully be entered without a search warrant." Id. at 334, 157

---

[1] Because we hold that Matthews enjoyed no reasonable expectation of privacy in the room, we do not reach the issue of the effect, if any, of his consent to the seizure of his property and the taking of PERK samples.

S.E.2d at 194.  See also United States v. Jeffers, 342 U.S. 48, 51 (1951).

Matthews, however, was not in a private hospital room.  He was merely being medicated in a treatment room within the emergency ward.  The trial court found that there was "no specific rental of a hospital room."  Although the treatment room had a door, the door was open when the police arrived.  Emergency ward staff and Matthews' family were entering and exiting the room on a regular basis.  He had been assigned no private patient room.  His stay at the hospital lasted but five hours.

This case is controlled by Craft v. Commonwealth, 221 Va. 258, 269 S.E.2d 797 (1980).  Relying on Morris, Craft sought suppression of a bullet delivered to the police after it was removed from his body by doctors in an emergency ward.  Rejecting Craft's contention that Morris applied, the Supreme Court said:

> Here defendant was in the emergency room of a hospital, a place frequented not only by doctors, nurses, patients, hospital personnel, and police officers, but also by friends and relatives of persons being treated.  A person admitting himself to an emergency room has little expectation of privacy.

Id. at 262, 269 S.E.2d at 799-800.

Matthews' family testified that they had been sitting in the room with him and had entered and exited the room several

times in the course of the evening.  They, and the investigating officers, testified that medical personnel were trafficking through the room to administer medication and to monitor Matthews' injuries.  No evidence suggested that the treatment room was separate and distinct from the emergency ward.

Matthews' contention that the room was separate from the emergency ward and was private is without evidentiary support. The room was a part of the emergency ward and, as such, afforded Matthews no expectation of privacy.

We affirm the judgment of the trial court.

<u>Affirmed.</u>