## STATE of Vermont v. Gordon F. HAYES

[752 A.2d 16]

No. 98-567

March 1, 2000. Defendant Gordon Hayes, who pleaded guilty to two counts of delivery of marijuana, appeals the district court's denial of his motion to suppress. The issues raised on appeal are whether, under the federal or state constitutions, (1) any undercover investigation in a private workplace is constitutionally permitted; (2) due process requires the government to have reasonable suspicion of illegal conduct before instituting an undercover investigation in a private workplace; and (3) the court erred in dismissing defendant's entrapment defense. We affirm.

A confidential informant agreed to assist the Northern Vermont Drug Task Force with an investigation into the distribution of marijuana in the Colchester area. Informant asked his fellow employees at work whether they knew of anyone in and around the workplace from whom he could purchase marijuana.* Defendant

was suggested as a source, and a co-worker introduced informant to defendant, who gave informant his telephone number.

Defendant received a call from informant, and he later agreed to sell informant an ounce of marijuana. Informant and an undercover police officer met defendant at the arranged time and place to make the buy. During the transaction, defendant made several comments to them suggestive of defendant's regular involvement in drug trafficking. Defendant used drug-culture slang, said that he might be willing to sell marijuana to the undercover officer, and said that, although he normally did not sell cocaine, he might be able to supply it to the officer.

The State charged defendant with four counts of delivery and one count of possession of marijuana. Defendant moved to suppress, which the court denied. Defendant then entered a conditional plea to two counts of delivery, specifically reserving his right to appeal the denial of his motion.

Defendant first contends that due process under both the federal and Vermont constitutions prohibits the government from conducting undercover investigations in private workplaces absent a reason to believe that illegal activity is afoot. This very argument has been squarely rejected by several federal circuit courts. See *United States v. Allibhai*, 939 F.2d 244, 249 (5th Cir. 1991) (citing opinions issued by Second, Third, Seventh, Eighth, and D.C. Circuits); see also *United States v. Luttrell*, 923 F.2d 764, 764 (9th Cir. 1991). The Fifth Circuit stated that "these decisions are premised upon the realization that '[a defendant] has no constitutional right to be free of investigation.'" *Allibhai*, 939 F.2d at 249 (quoting *United States v. Jacobson*, 916 F.2d 467, 469 (8th Cir. 1990)). We note,

---

*We cannot determine on the record before us whether informant acted in a private or governmental capacity. Defendant assumed without showing that informant's inquiry constituted an undercover investigation in the workplace, and the State has not challenged that assumption. Consequently, we address defendant's ar-

guments making the same assumption and without deciding the issue.

moreover, that, unlike *Allibhai*, the investigation as conducted through informant did not initially focus on defendant; rather, it encompassed generally those in and around the workplace. We see no reason to find that the State violated defendant's right to due process under the federal constitution.

The State's investigation also did not violate due process under Chapter I, Article 10 of the Vermont Constitution. Although "[w]e have long recognized that, 'as final interpreter of the Vermont Constitution, this Court has final say on what process is due in any given situation,'" it is defendant's burden to explain how and why this Court should interpret the Vermont Constitution as providing greater protection than its federal counterpart. *State v. Porter*, 164 Vt. 515, 518, 671 A.2d 1280, 1282 (1996) (quoting *State v. Brunelle*, 148 Vt. 347, 350, 534 A.2d 198, 201 (1987)).

Defendant says that investigations such as the one at issue here cross the "line between individual freedom and state regulation in a free society" established by due process. He has not, however, provided any reasons why the line was crossed grounded in policy or the text and history of the Vermont Constitution. See *State v. Zumbo*, 157 Vt. 589, 593, 601 A.2d 986, 988 (1991). We, therefore, conclude that due process under the Vermont Constitution does not require the State to have reasonable suspicion that illegal activity is occurring before initiating an otherwise legal undercover investigation in a workplace.

Defendant alternatively contends that the State acted outrageously and so contrary to principles of fundamental fairness that it violated his right to due process. He asserts that the "outrageous government conduct defense serves to prohibit law-enforcement tactics that offend principles of 'fundamental fairness,' and are 'shocking to the universal sense of justice,'" relying on *United States v.*

*Russell*, 411 U.S. 423, 432 (1973). We fail to understand why the conduct complained of here rises to such a level of opprobrium other than defendant's say so.

Defendant next argues that undercover investigations in the workplace must be based on warrants issued upon probable cause. Under Article 11, "whether the defendant conveyed an expectation of privacy in such a way that a reasonable person would conclude that he sought to exclude the public" is the fundamental question in determining if police activities amounted to a prohibited search or seizure. *State v. Blow*, 157 Vt. 513, 517, 602 A.2d 552, 555 (1991); see also *State v. Kirchoff*, 156 Vt. 1, 9-11, 587 A.2d 988, 994 (1991). We have held that Article 11 does not protect one who invites into his home an undercover police officer to engage in illegal activity. See *State v. Zaccaro*, 154 Vt. 83, 91, 574 A.2d 1256, 1261 (1990). This Court has further noted "the distinction between electronically recorded evidence obtained . . . by an informant posing as a would-be drug customer and testimony from such an informant who uses only senses and memory." *Blow*, 157 Vt. at 520, 602 A.2d at 556. Where, as here, a person exposes illegal activity to an inquiring co-worker not armed with electronic surveillance equipment, that person has foregone a reasonable expectation of privacy, and there is no transgression of Article 11.

Finally, defendant contends that the court erred in dismissing the defense of entrapment. He believes that he is entitled to such a defense because he never initiated contact with informant, had no criminal record, was suffering financial hardship, and discovered the marijuana that he sold by happenstance. We disagree.

The trial court must determine the question of entrapment as a matter of law when there is no dispute as to the facts and the inferences to be drawn from

them. See *State v. George*, 157 Vt. 580, 584, 602 A.2d 953, 955 (1991). A law enforcement officer or agent:

> "perpetrates an entrapment if for the purpose of obtaining evidence of the commission of an offense, [the officer] induces or encourages another person to engage in conduct constituting such offense by . . . employing methods of persuasion or inducement [that] create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it."

*State v. Wilkins*, 144 Vt. 22, 29, 473 A.2d 295, 299 (1983) (quoting Model Penal Code § 2.13(1)(b) (Proposed Official Draft 1962)).

Informant did not employ any method of persuasion or inducement to create a risk that someone not ready to supply him with marijuana would do so. After an introduction, defendant offered informant his telephone number. Defendant, even if he had been experiencing financial difficulties and had, as he alleged, found the marijuana while hunting, was ready and willing to supply informant with the drug. Informant merely provided the opportunity. Thus, the State did not entrap defendant, and the court properly dismissed that defense.

*Affirmed.*